**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

JOSEPH PECORARO,                    :
                                    : Civil Action No. 07-2338 (RMB)
    Plaintiff,                  :
                                    :
    v.                          : **OPINION**
                                    :
CORRECTIONAL MEDICAL SERVICES,      :
et al.,                             :
                                    :
    Defendants.                 :

**APPEARANCES:**

    JOSEPH PECORARO, Plaintiff pro se
    # 451567C
    Bayside State Prison
    P.O. Box F-1
    Leesburg, New Jersey 08327

**BUMB**, District Judge

    Plaintiff Joseph Pecoraro ("Pecoraro"), currently confined at the Bayside State Prison in Leesburg, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I.  BACKGROUND

Pecoraro brings this civil rights action against defendants, Correctional Medical Services ("CMS") and CMS Department Head at Bayside State Prison ("BSP"), B. Eckman. (Complaint, Caption and ¶¶ 5b, c). The following factual allegations by plaintiff are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

In March 2007, Pecoraro went to a dentist at BSP for treatment of pain in his four teeth. He was told that his teeth needed to be extracted. The dentist attempted to extract Pecoraro's teeth, but plaintiff was in too much pain. Pecoraro was told that he would need to see an oral surgeon, and the earliest appointment would be no sooner than June 2007. In the interim, Pecoraro was prescribed "Tylenol 3" and Motrin for pain. Pecoraro claims that the medication does not relieve his pain, and that he has received inadequate care. (Compl., ¶ 9).

Pecoraro seeks compensatory and punitive damages for pain and suffering and infliction of emotional distress. (Compl., "Relief Requested").

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir.

2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Moreover, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of <u>respondeat</u> <u>superior</u>.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  <u>Rode v.</u>

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

### IV. ANALYSIS

In his Complaint, Pecoraro alleges that defendants CMS and Eckman have denied prescribed dental care for the treatment and extraction of plaintiff's teeth.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  Estelle, 429 U.S. at 106; Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"  Hudson v. McMillian, 503 U.S. 1, 9

(1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

   The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly,

"mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted).  Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation.  Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

　　The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment.  See Rouse, 182 F.3d at 197.  The court has also held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment.  Atkinson, 316 F.3d at 266.  See also Monmouth County Correctional Institutional Inmates, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician

8

capable of evaluating the need for such treatment"); Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897 F.2d 103 (3d Cir. 1990).

Here, Pecoraro alleges that he has been denied recommended oral surgery and more effective pain medication for his teeth. Pecoraro admits that he was seen by a dentist in March 2007, and that the dentist attempted to extract plaintiff's teeth, but could not due to plaintiff's pain. Pecoraro further admits that he was given pain medication and was told that he needed to have an oral surgeon perform the extraction. However, an oral surgeon would not be available until June 2007, several months away.

Based on these allegations, the Court finds that Pecoraro might be able to support a claim of serious medical need, if, in fact, he can show that oral surgery for his condition was prescribed by doctors. However, Pecoraro has not demonstrated the second prong necessary to establish a denial of medical care claim – he has not shown deliberate indifference by the defendants, CMS and Eckman.

Pecoraro admits that he has received dental care in March 2007, and that he has been given pain medication. He also concedes that oral surgery was offered, but not as quickly as he wants it. Thus, based on these facts, as confirmed by plaintiff's allegations in to his Complaint, Pecoraro cannot show that defendants have intentionally refused to provide the

recommended dental care. Nor can he demonstrate that defendants delayed dental care for non-medical reasons. Rather, it is the unavailability of the oral surgeon until June 2007, a matter of several months, that displeases plaintiff. Finally, Pecoraro has not shown that defendants have actually prevented him from receiving recommended dental treatment. See Rouse, 182 F.3d at 197. Pecoraro admittedly has been prescribed pain medication, but the type of medication is not to his satisfaction. The dentist also attempted to extract the painful teeth, but plaintiff's discomfort terminated that effort, allegedly making oral surgery necessary and plaintiff is now awaiting that surgery. Therefore, it is only Pecoraro's subjective dissatisfaction with his dental care, and not a deliberate withholding or delay of treatment alleged in the Complaint, which is not in itself indicative of deliberate indifference. See Andrews, 95 F. Supp.2d at 228.

Accordingly, this Court finds no deliberate indifference by defendants to plaintiff's serious medical need on the facts alleged by plaintiff at this time that would rise to the level of an actionable violation of constitutional dimension under 42 U.S.C. § 1983. Accordingly, the Complaint will be dismissed without prejudice to plaintiff filing a new action pleading facts sufficient to support a claim of deliberate indifference as set forth above.

## V.  CONCLUSION

For the reasons stated above, the Court will dismiss the Complaint, in its entirety, for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate Order follows.


                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Court

Dated: May 25, 2007